WILLIAM G. KENDALL, for the use of John P. Gray, *v.* HORACE BEAN and others.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Kendall, pro se.*

*Barker*, and *Roselius*, for the appellants.

GARLAND, J. This action is instituted on a receipt or certificate of deposits, given by the defendants on the 30th of May, 1842, to the plaintiff, for $1000, in the notes of the Agricultural Bank of Mississippi, which had been presented for payment to that institution unsuccessfully, and consequently bore interest. After describing the notes, the defendants say, they " promise to pay him (plaintiff) forty-five cents on the dollar, face and interest, or return him the said notes, on his calling for the same, and the return of this receipt." The plaintiff alleges, that the defendants have never returned him the notes so received, nor paid the stipulated value thereof; wherefore he asks for a judgment against them.

The defendants for answer admit the receipt of the notes, and the execution of the receipt or certificate in question ; but aver that, on the 22d day of the month of June, 1842, the plaintiff applied to them for the said notes, which they produced, not having been able to dispose of them at the price mentioned, whereupon the plaintiff expressed a desire to sell them, saying he wanted money for immediate use, and offering to accept forty cents on the dollar, "*face and interest*," which defendants agreed to give, and paid the proceeds on the day aforesaid to the plaintiff, amounting to the sum of $459 28 ; but it not being usual for defendants to grant certificates of deposit, and not recollecting having done so in this instance, they omitted to require the return of the one in question, when the money was paid. The defendants annex various interrogatories to their answer, directed to the plaintiff, and to J. P. Gray, for whose use this suit is brought. These interrogatories it is not necessary to state in detail, as they are to ascertain matters collateral to the main issue ; but the plaintiff answered them, and stated many irrelevant matters. The

Kendall, for the use of &c. v. Bean and others.

court ordered a large portion of the answers to be stricken out; and the defendants then propounded other interrogatories, which were calculated to elicit answers not bearing directly on the question, but to show the probability that the plaintiff was in New Orleans on the day in question, and thereby render more probable the evidence given by the defendants of having paid the amount. In answering one of the interrogatories, the plaintiff, without being called on to answer, said: "I have not at any time received the bank bills, or the proceeds of the sale of the same, which are specified in the receipt sued on in this cause."

The defendants excepted to all these answers, as being insufficient, irrelevant, argumentative, and not responsive to the questions, and asked that they might be stricken out. This request the judge refused, on the ground that the exception was too general, and wanted certainty.

On the trial of the case, the defendants proved by one of their clerks, that the plaintiff, on the day mentioned, called at the office of the defendants, who are brokers or bankers, for the aforesaid bank notes, which were delivered to him; that a bargain was then made between the parties, by which the defendants purchased the Agricultural notes of the plaintiff, and paid for them. The witness, at the time of giving his testimony, was not in the employment of the defendants, but by referring to their day-book or blotter, he finds a calculation made of the proceeds of the notes in his own (witness's) hand-writing. Another witness, the book-keeper of the defendants, says that the entry was made on the books in his charge on or about the day stated. It is not our purpose, at this time, to make a minute statement of all the evidence, or to admit that the books of the defendants can be used as evidence, or to say anything likely to influence the future decision of the cause. We shall content ourselves with saying, that we are not satisfied with the conclusion the judge below has drawn from the testimony, and that we think justice requires us to remand the cause for a new trial. We do this, to give the plaintiff an opportunity of showing, as he alleges he can, that he was not in the State of Louisiana on the day in question, but was in the State of Mississippi; a fact which, if proved, would probably be decisive of the case.

The judgment of the Commercial Court is, therefore, annulled and reversed, and the cause remanded for a new trial, the plaintiff paying the costs of this appeal.